**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

JORGE EDUARDO PABLO-LEPE,

    Defendant.

No. CR 03-4102-MWB

**MEMORANDUM OPINION AND ORDER REGARDING DEFENDANT'S SECTION 2255 MOTION**

_____

**TABLE OF CONTENTS**

*I. INTRODUCTION AND BACKGROUND* . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
   *A. Charges And Plea* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
   *B. Sentencing and Appeal* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
   *C. The § 2255 Motion* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*II. LEGAL ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
   *A. Standards For Relief Pursuant to § 2255* . . . . . . . . . . . . . . . . . . . . 6
   *B. Preliminary Matters* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
      *1. Hearing* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
      *2. Procedural Default* . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
   *C. Constitutionality* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12
   *D. Certificate Of Appealability* . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*III. CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

## I. INTRODUCTION AND BACKGROUND

This matter comes before the court pursuant to defendant Jorge Eduardo Pablo-Lepe's *Pro Se* Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence (docket no. 39) ("Motion"), filed on November 28, 2005. Pablo-Lepe raises two grounds for vacating his sentence in his Motion. First, Pablo-Lepe claims that the United States Sentencing Guidelines were inappropriately applied to his case. (Motion at 1). Pablo-Lepe's second claim, although confusing and vaguely stated, is construed by this court as an argument that his constitutional rights were violated when the district court failed to consider the allegedly discriminatory collateral consequences of Bureau of Prison ("BOP") regulations applicable to deportable aliens and reduce his sentence accordingly. (Motion at 6-7). The prosecution argues that Pablo-Lepe's claims are barred because Pablo-Lepe filed an appeal of his case, challenging the imposition of his sentence and, therefore, he should be barred from litigating, pursuant to a §2255 Motion, issues that either were or could have been raised on appeal. (Response at 4). Further, the prosecution argues that the Eighth Circuit Court of Appeals has previously held that the BOP regulations based on deportable status are not collateral consequences that justify a departure from the sentencing guidelines and, therefore, Pablo-Lepe's claims should fail. (Response at 5).

### A. Charges And Plea

On August 24, 2003, Pablo-Lepe was charged by a one-count indictment (docket no. 1) with being an alien who, having previously been removed and deported from the United States, knowingly and unlawfully was found in the United States without having obtained the consent of the Attorney General of the United States or his successor pursuant to 8 U.S.C. §1326(a). The indictment included notice that Pablo-Lepe's previous

2

conviction of July 27, 2005, for a charge of aggravated assault, would increase the maximum statutory sentence that could be imposed for a conviction on the pending charge, pursuant to 8 U.S. C. §1326(b).

On January 16, 2004, Pablo-Lepe appeared before Chief United States Magistrate Judge Paul A. Zoss, was arraigned, and pleaded not guilty as charged. (docket no. 4). On the same day, Judge Zoss scheduled trial in the matter for March 1, 2004, and appointed the Federal Public Defender's office to represent Pablo-Lepe. (docket no. 5). A Notice Of Attorney Appearance (docket no. 7) on behalf of Pablo-Lepe was filed on January 16, 2004. On February 4, 2004, Pablo-Lepe, through counsel, filed an Unresisted Motion For Continuance (docket no. 9) based on the need for more time to complete investigation of the case and to conduct pretrial discovery. By Order (docket no. 10), dated February 4, 2004, Judge Zoss continued the trial to April 5, 2004.

On March 5, 2004, Judge Zoss set the matter for a plea hearing on March 18, 2004. (docket no. 12). On March 18, 2004, Pablo-Lepe, through counsel, filed a Notice of Consent To Entry of a Plea of Guilty (docket no. 13) and a Consent to Inspection of the Presentence Investigation Report (docket no. 14). Pablo-Lepe appeared in front of Judge Zoss on March 18, 2004, and pleaded guilty to the indictment (docket no. 15). On March 18, 2004, Judge Zoss also filed a Report and Recommendation that the court accept Pablo-Lepe's guilty plea. This court accepted Judge Zoss's Report and Recommendation on April 6, 2004, thereby accepting Pablo-Lepe's guilty plea.

### B. *Sentencing and Appeal*

Prior to sentencing, Pablo-Lepe, through counsel, filed a Sentencing Memorandum, (docket no. 21) in which Pablo-Lepe argued that if the court were to apply the United States Sentencing Guidelines and increase Pablo-Lepe's base offense level four levels (from

level 8 to 12), based on an enhancement for a specific offense characteristic, pursuant to U.S.S.G. § 2L1.2(b)(1)(D), it would violate Pablo-Lepe's Sixth Amendment right to have all sentencing factors found by a jury, stipulated to in a plea agreement or knowingly and intelligently waived, pursuant to *Blakley v. Washington*, 124 S. Ct. 2531 (2004). The prosecution argued that the guidelines should apply and that Pablo-Lepe's base offense level, after application of the enhancement for his previous conviction, should be 12. (Sent. Trans. at 3).

On July 16, 2004, Pablo-Lepe was sentenced to 60 months incarceration by the undersigned. (docket nos. 22, 23, 24). Additionally, all fines were waived, however, Pablo-Lepe was assessed a special assessment in the amount of $200 and was ordered to be on supervised release for a period of two years with a special condition of supervised release that he not illegally re-enter the United States. The court found that application of the guidelines was unconstitutional and exercised its sentencing discretion. After taking the guideline range into consideration, the court sentenced Pablo-Lepe at the middle of the statutory sentencing range (zero to ten years), based on Pablo-Lepe's multiple illegal re-entries into the United States and his criminal record, specifically including his record of repeatedly operating motor vehicles while under the influence of alcohol endangering members of the public. (Sent. Trans. 6). Additionally, the court ordered an alternative sentence of incarceration for 21 months, the top of the guideline range. The fine, supervised release and special assessment would remain unchanged under the alternative sentence. The alternative sentence would be imposed only in the event that mandatory application of the sentencing guidelines was subsequently held to be constitutional. (docket no. 24).

On July 27, 2004, Pablo-Lepe, through counsel, filed a Notice of Appeal (docket no. 25) to the Eighth Circuit Court of Appeals, challenging the sentence imposed by the

district court. Pablo-Lepe appealed his sentence to the Eighth Circuit Court of Appeals on two grounds: (1) that the district court erred in finding the sentencing guidelines unconstitutional, and (2) that even if the guidelines are unconstitutional, the court erred by imposing a discretionary sentence that was unguided by the applicable guideline range. (docket no. 37). On March 31, 2005, Pablo Lepe's appeal was denied by the Eighth Circuit Court of Appeals. (docket no. 36). In affirming the district court, the Eighth Circuit Court of Appeals found, in an unpublished *per curiam* opinion, *United States v. Pablo-Lepe*, 125 Fed. Appx. 100 (8th Cir. 2005), that during the pendency of the appeal, the United States Supreme Court in *United States v. Booker*, 125 S .Ct. 738, 765-67 (2005), held that the federal Sentencing Guidelines were unconstitutional insofar as they were mandatory and that appellate courts were to review post-*Booker* sentences for reasonableness. The Eighth Circuit Court of Appeals further found that the sentence imposed by the district court in Pablo-Lepe's case was neither unguided nor unreasonable. (docket no. 37). On May 16, 2005, the Eighth Circuit Court of Appeals denied Pablo-Lepe's Petition For Rehearing *En Banc* and Petition For Rehearing By The Panel. (docket no. 35).

### C. The § 2255 Motion

On November 28, 2007, Pablo-Lepe filed his *Pro Se* Motion for § 2255 relief, (docket no. 39), now before the court. Pablo-Lepe raises two grounds in support of his request to have his sentence vacated.

The first ground Pablo-Lepe raises is that the district court improperly applied the sentencing guidelines. Pablo-Lepe does not clearly articulate how the court inappropriately applied the sentencing guidelines. In any case, this court does not find any challenge to application of the guidelines cognizable because the court specifically held that application

of the guidelines was unconstitutional, imposed its sentence pursuant to its indeterminate sentencing authority, and did not apply the guidelines to the sentence challenged by Pablo-Lepe.

Pablo-Lepe's second ground in support of his Motion is obscure and vague, nevertheless, the court construes Pablo-Lepe's second ground in support of his Motion to be an allegation that the district court violated his constitutional rights when it failed to reduce his sentence upon consideration of the allegedly discriminatory collateral consequences imposed upon him by BOP regulations as a result of his alienage and national origin.

The prosecution argues that Pablo-Lepe makes no cognizable claims under § 2255, because he makes no constitutional claims and does not claim that he is actually innocent. The prosecution argues further, that even if there are cognizable claims, these claims are barred because the appellate court has already ruled on the reasonableness of the sentence and Pablo-Lepe should have raised all other claims relating to his sentence in his appeal. (Response at 4-5). Further, the prosecution argues, with regard to Pablo-Lepe's request for a reduction for collateral consequences, that the Eighth Circuit Court of Appeals has previously held that downward departure for the collateral consequences of harsh BOP regulations on illegal aliens is invalid when sentencing according to the guidelines and, therefore, Pablo-Lepe's request for a reduction of his sentence on the same grounds should fail. (Response at 5).

## II. LEGAL ANALYSIS
### A. *Standards For Relief Pursuant to § 2255*

A prisoner may challenge the execution of his sentence, without challenging the validity of his conviction and sentence pursuant to 28 U.S. C. § 2241. Although Pablo-

Lepe's Motion may be construed in part to raise issues regarding the execution of his sentence, this court takes no position on whether Pablo-Lepe's Motion may be construed as a motion pursuant to 28 U.S.C. § 2241, and will proceed to analyze his Motion pursuant to 28 U.S.C. § 2255. *See United States v. Torres,* 409 F.3d 1000, 1003 (8th Cir. 2005).

Turning to the legal analysis of Pablo-Lepe's claims, in light of the evidence in the record, the court notes, first, that 28 U.S.C. § 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground [1] that the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255; *Watson v. United States,* 493 F.3d 960, 963 (8th Cir. 2007) ("Under 28 U.S.C. § 2255 a defendant in federal custody may seek post conviction relief on the ground that his sentence was imposed in the absence of jurisdiction or in violation of the Constitution or laws of the United States, was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."); *Bear Stops v. United States*, 339 F.3d 777, 781 (8th Cir. 2003) ("To prevail on a § 2255 motion, the petitioner must demonstrate a violation of the Constitution or the laws of the United States."). Thus, a motion pursuant to § 2255 "is 'intended to afford federal prisoners a remedy identical in scope to federal habeas corpus.'" *United States v. Wilson*, 997 F.2d 429, 431 (8th Cir. 1993) (quoting *Davis v. United States*, 417 U.S. 333, 343 (1974)); *accord Auman v. United States*, 67 F.3d 157, 161 (8th Cir. 1995) (quoting *Wilson*). On the other hand,

> Section 2255 relief is not available to correct errors which could have been raised at trial or on direct appeal, absent a showing of cause and prejudice, *United States v. Frady*, 456 U.S. 152, 167-68, 102 S. Ct. 1584, 1594-95, 71 L. Ed. 2d 816 (1982), or a showing that the alleged errors were fundamental defects resulting in a complete miscarriage of justice. *See United States v. Smith*, 843 F.2d 1148, 1149 (8th Cir. 1988) (*per curiam*).

*Ramey v. United States*, 8 F.3d 1313, 1314 (8th Cir. 1993) (*per curiam*); *accord Johnson v. United States*, 278 F.3d 839, 844 (8th Cir. 2002) ("In order to obtain collateral review of a procedurally defaulted issue, [a § 2255 movant] must show 'either cause and actual prejudice, or that he is actually innocent.'") (quoting *Bousley v. United States*, 523 U.S. 614, 622 (1998), with citations omitted).

The Eighth Circuit Court of Appeals will review the district court's decision on a § 2255 motion *de novo*, regardless of whether the district court's decision grants or denies the requested relief. *Compare United States v. Hilliard*, 392 F.3d 981, 986 (8th Cir. 2004) ("We review the district court's decision to grant or deny relief on a petitioner's ineffective assistance of counsel claim de novo.") (citing *United States v. White*, 341 F.3d 673, 677 (8th Cir. 2003)); *with United States v. Hernandez*, 436 F.3d 851, 854 (8th Cir. 2006) ("'We review de novo the district court's denial of a section 2255 motion.'") (quoting *Never Misses A Shot v. United States*, 413 F.3d 781, 783 (8th Cir. 2005)). However, "[a]ny underlying fact-findings are reviewed for clear error.'" *Hernandez*, 436 F.3d at 855 (quoting *United States v. Davis*, 406 F.3d 505, 508 (8th Cir. 2005)). With these standards in mind, the court turns to analysis of Pablo-Lepe's claims for § 2255 relief.

### B. *Preliminary Matters*

#### 1. *Hearing*

"A district court does not err in dismissing a movant's section 2255 motion without a hearing if (1) the movant's 'allegations, accepted as true, would not entitle' the movant to relief, or '(2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Buster v. United States*, 447 F.3d 1130, 1132 (8th Cir. 2006)(quoting *Sanders v. United States*, 341 F.3d 720, 722 (8th Cir. 2003), with citation and quotation marks omitted). In this case, the court concludes that no evidentiary hearing is required on any issue, because the record "conclusively show[s] that [Pablo-Lepe] is entitled to no relief" on his claim. 28 U.S.C. § 2255.

#### 2. *Procedural Default*

The prosecution argues that Pablo-Lepe's claims are procedurally defaulted because the Eighth Circuit Court of Appeals found, on direct appeal, that Pablo-Lepe's sentence was "reasonable" having considered the guideline range and the factors of history and characteristics of the defendant as well as the need to protect the public. Although the Eighth Circuit Court of Appeals did not specifically address Pablo-Lepe's status as a deportable alien along with any potentially discriminatory collateral consequences in its ruling, the prosecution argues that this issue would naturally be encompassed in a finding of "reasonbleness." (Response at 4-5).

The prosecution cites to *Bear Stops v. United States,* 339 F.3d 777, 780 (8th Cir. 2003), for the proposition that "claims such as this, which were decided on direct appeal, may not be relitigated in a § 2255 motion." (Response at 4). In his § 2255 motion, Bear Stops argued that his appellate counsel had been ineffective in failing to argue on appeal that evidence that allegedly violated the Confrontation Clause "spilled over" and

impermissibly tainted his conviction on other charges. The Eighth Circuit Court of Appeals specifically found, however, that Bear Stops had raised the issue and the court had explicitly rejected it. *Id*. The Eighth Circuit Court of Appeals has repeatedly held that any matter that has been decided adversely to the petitioner upon direct appeal is not cognizable under § 2255. *Bear Stops,* 339 F.3d at 780; *see also United States v. Shabazz*, 657 F.2d 189, 190 (8th Cir. 1981); *Houser v. United States,* 508 F.2d 509, 514 (8th Cir. 1974); *Sykes v. United States*, 341 F.2d 104 (8th Cir. 1965); *Franano v. United States,* 303 F.2d 470 (8th Cir.), *cert.denied*, 371 U.S. 865 (1962).

In this case, however, the issue of whether Pablo-Lepe's constitutional rights were violated when the district court sentenced him without considering the collateral consequences of allegedly discriminatory BOP regulations was neither raised nor ruled on in Pablo-Lepe's prior appeal to the Eighth Circuit Court of Appeals. Pablo-Lepe appealed his sentence to the Eighth Circuit Court of Appeals on two grounds: (1) that the district court erred in finding the sentencing guidelines unconstitutional, and (2) that even if the guidelines are unconstitutional, the court erred by imposing a discretionary sentence that was unguided by the applicable guideline range. (docket no. 37). The constitutionality of the sentence, based upon a failure to consider allegedly discriminatory collateral consequences, was not challenged nor addressed upon appeal. This court, therefore, finds that, to the extent that Pablo-Lepe's claim is construed as a constitutional challenge to his sentence, it was not adversely decided on appeal and is not procedurally defaulted on such grounds.

The prosecution further argues, however, that Pablo-Lepe's claim is procedurally defaulted because he could have raised it on appeal and did not. (Response at 3). The Eighth Circuit Court of Appeals has held that a petitioner is barred from bringing an action under § 2255 for unappealed errors to which no contemporaneous objection was made,

unless he can show both "cause" excusing his double procedural default, and "actual prejudice" resulting from the errors of which he complains. *Reid v. United States,* 976 F.2d 446, 448 (8th Cir. 1992) (case challenging Rule 11 colloquy as inadequate) (citing to *United States v. Frady,* 456 U.S. 152, 165 (1982)). The Eighth Circuit Court of Appeals later clarified, in dicta, that even where claims filed pursuant to § 2255 are construed as being constitutional or jurisdictional in nature, the petitioner would still be required to show cause and prejudice to excuse a procedural default. *Anderson v. United States,* 25 F.3d 704, 706 (8th Cir. 1994); *see also United States v. Ward,* 55 F.3d 412, 413 (8th Cir. 1995) ("[A]ll arguments, even constitutional or jurisdictional ones should be made at trial and on direct appeal."). Subsequently, citing to *Frady,* the Eighth Circuit Court of Appeals held that a movant may not raise constitutional issues for the first time on collateral review without establishing both cause for the procedural default and actual prejudice resulting from the error. *United States v. Apfel,* 97 F.3d 1074, 1076 (8th Cir. 1996); *but see United States v. Widgery,* 796 F.2d 223, 225 (8th Cir. 1986) (post-*Frady* case applying the deliberate bypass standard to determine whether constitutional claims were procedurally defaulted when not raised on appeal); *Cheek v. United States,* 858 F.2d 1330, 1335 (8th Cir. 1988) (same).

Application of the cause and prejudice standard to Pablo-Lepe's claim leads to the clear conclusion that he cannot establish cause and prejudice to excuse his procedural default. Ineffective assistance of counsel may constitute cause and prejudice to overcome a procedural default. *Becht v. United States,* 403 F.3d 541, 545 (8th Cir. 2005)(citing to *Boysiewick v. Schriro,* 179 F.3d 616, 619 (8th Cir. 1999)). Absent unusual circumstances, showing ineffective assistance of counsel satisfies both cause and prejudice requirements for raising a constitutional issue for the first time on collateral review. *Unites States v. Apfel,* 97 F.3d 1074, 1076 (8th Cir. 1996). Pablo-Lepe's *Pro Se* Motion is silent,

however, with regard to the performance of his counsel. He does not make any allegation that can be construed to allege ineffective assistance of either his trial counsel or his appellate counsel. Neither does Pablo-Lepe claim that he is actually innocent of the charge. *Bousley v. United States,* 523 U.S. 614, 623, 118 S. Ct. 1604 (1988) (actual factual innocence can constitute cause and prejudice excusing procedural default).

Further, Pablo-Lepe's claim cannot be said to be so "novel that its legal basis was not reasonably available to counsel" at the time of his sentencing or direct appeal. *Bousley,* 523 U.S. at 622 (finding no procedural default where counsel had a "reasonable basis" for failing to raise an issue previously when a new constitutional rule represented a clear break with the past). Here, while the argument that the district court's sentence was unconstitutional because it failed to consider the allegedly discriminatory collateral consequences of the regulations of the BOP may be "novel" in the common sense of the word, the court does not feel that it falls into the category of "novelty" as contemplated by *Bousley*. The basis for Pablo-Lepe's argument is centered on two familiar and historically well-developed theories of law: equal protection as applied in the context of a prisoner and consideration of collateral consequences during criminal sentencing procedures. *See Engle v. Isaac,* 456 U.S. 107, 134 (1982) (where the basis of a constitutional claim is available and other defense counsel have perceived and litigated that claim, no excuse for procedural default). Thus, Pablo-Lepe's procedural default is not excused by the "novelty" of the issue.

### C. Constitutionality

Although this court does not believe that Pablo-Lepe's procedural default is excused by the "novelty" of the issue, even if it were to assume so, this court would determine that Pablo-Lepe's claim fails on the merits. On a § 2255 motion, the burden of proof is on the

petitioner to show that his sentence must be vacated. *Cassidy v. United States*, 428 F.2d 585, 587 (8th Cir. 1970)(quoting *Johnson v. Zerbst,* 304 U.S. 458, 468-469, 58 S. Ct. 1019 (1938)). Pablo-Lepe asserts that, because of his status as a deportable alien, pursuant to BOP regulations, he does not qualify for a year off for completion of the Residential Drug Treatment Program, nor does he qualify to have 10% of his sentence served in a halfway house or other community program, and he cannot receive camp status. Pablo-Lepe claims that this essentially requires him to serve 18 months more than he would if he were not a deportable alien. (Motion at 11). Pablo-Lepe asserts that this constitutes discrimination against him on the basis of "national origin" and that the district court imposed an unconstitutionally discriminatory sentence when it failed to take these collateral considerations into account. (Motion at 4).

To establish an equal protection claim, a prisoner must prove the existence of purposeful discrimination. *See Lewis v. Jacks,* 486 F.3d 1025, 1028 (8th Cir. 2007); *Munson v. Norris,* 435 F.3d 877, 880 (8th Cir. 2006); *Batra v. Bd. of Regents,* 70 F.3d 717, 721 (8th Cir. 1996); *Snowden v. Hughes,* 321 U.S.1,8 (1944). Discriminatory purpose can be proved with various kinds of direct and circumstantial evidence, but is most often proved with evidence that similarly situated inmates were treated differently. *Lewis v. Jacks*, 486 F.3d at 1028. A prisoner must show that he is treated differently from similarly-situated inmates and that the different treatment is based upon either a suspect classification or a "fundamental right." *Patel v. U.S. Bureau of Prisons*, 515 F.3d 807, 816 (8th Cir. 2008) (citing to *Weems v. Little Rock Police Dep't.,* 453 F.3d 1010, 1016 (8th Cir. 2006) *cert. denied*, *Weems v. Johnson,* 127 S.Ct. 2128 (2007). Inmates do not have a due process liberty interest in a particular classification. *See Kennedy v. Blankenship,* 100 F.3d 640, 642 n.2, 643 (8th Cir, 1996). National origin is a prohibited

factor; however, a person's legal status as a deportable alien is not synonymous with national origin. *United States v. Lopez-Salas,* 266 F.3d 842, 846 n.1 (8th Cir. 2001).

While Pablo-Lepe appears to allege that the BOP regulations are discriminatory based on his alienage or national origin, he makes no argument that the regulations are applicable to deportable aliens of only his national origin. Pablo-Lepe also has not established that the regulations discriminate against him on the basis of his alienage; he does not allege that they apply to aliens who are in the United States legally and are not subject to deportation. The only status that subjects Pablo-Lepe to the complained of regulations is his status of being illegally in the United States and subject to deportation. Pablo-Lepe does not allege any facts to support an assertion that he is treated any differently, based on his alienage or national origin, than any other incarcerated individual who is illegally in the United States and is subject to deportation. *See Lewis,* at 1028; *see also Lopez-Salas,* 266 F.3d at 848 (discussing the failure to distinguish the position of a deportable alien from other inmates who are categorically excluded from eligibility for early release after completion of the drug treatment program in a case reversing the district court's granting of a downward departure). Therefore, because Pablo-Lepe has not established that the collateral consequences he complains of were discriminatory, his sentence could not be unconstitutional for failing to consider them as grounds for reducing his sentence.

Further, although Pablo-Lepe was not sentenced pursuant to the sentencing guidelines, the Eighth Circuit Court of Appeals has previously held that the collateral consequences flowing from the fact of being a deportable alien are not generally sufficient to justify a departure from the sentencing guidelines absent a showing of some additional facts concerning the defendant's individual circumstances that make the particular case atypical or unusual. *See U.S. v. Rodriguez,* 29 Fed. Appx. 406, 407 (8th Cir. 2002)

(citing to *United States v. Lopez-Salas,* 266 F.3d 842 (8th Cir. 2001)). In applying this same standard to Pablo-Lepe's case, this court finds that Pablo-Lepe has not raised any additional facts related to his circumstances that would make his case atypical or unusual; therefore, this court will not find that it had an obligation to reduce Pablo-Lepe's sentence, when not applying the guidelines, to make an adjustment for the BOP regulations.

### *D. Certificate Of Appealability*

Denial of Pablo-Lepe's § 2255 Motion raises the question of whether or not he should be issued a certificate of appealability for his claim therein. Whether or not a certificate of appealability should issue is controlled by 28 U.S.C. § 2253(c)(1), which provides, in pertinent part, as follows:

> **(c)(1)** Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
> * * *
> **(B)** the final order in a proceeding under section 2255.

28 U.S.C. § 2253(c)(1)(B); *accord* FED. R. APP. P. 22(b). To obtain a certificate of appealability on claims for § 2255 relief, a defendant must make "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000); *Mills v. Norris*, 187 F.3d 881, 882 n.1 (8th Cir. 1999); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Ramsey v. Bowersox*, 149 F.3d 749 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U.S. 834 (1998). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox*, 133 F.3d at 569. Moreover, the United States Supreme Court reiterated in *Miller-El* that

"'[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. Ct. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

The court finds that Pablo-Lepe has not made a substantial showing of the denial of a constitutional right on his § 2255 claim. *See* 28 U.S.C. § 2253(c)(2). Specifically, there is no showing that reasonable jurists would find this court's assessment of Pablo-Lepe's claim debatable or wrong, *Miller-El*, 537 U.S. at 338; *Cox*, 133 F.3d at 569, or that any court would resolve those issues differently. *Cox*, 133 F.3d at 569. Therefore, Pablo-Lepe does not make the requisite showing to satisfy § 2253(c) on his claim for relief, and no certificate of appealability will issue in this case. *See* 28 U.S.C. § 2253(c)(2); FED. R. APP. P. 22(b).

### III.  CONCLUSION

Upon the foregoing, defendant Pablo-Lepe's Motion Under 28 U.S.C. § 2255 (docket no.39) is **denied in its entirety**. This matter is **dismissed in its entirety**. No certificate of appealability will issue for any claim or contention in this case.

**IT IS SO ORDERED.**

**DATED** this 27th day of January, 2009.

*[signature: Mark W. Bennett]*

MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA